**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL R. CAGLE,<br><br>       Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner,<br>Social Security Administration,<br><br>       Defendant. | Case No. 06-CV-95-FHM |

## ORDER

Plaintiff, Michael R. Cagle, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

---

[1] Effective February 1,, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's March 27, 2003, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held October 28, 2004. By decision dated March 8, 2005, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on December 16, 2005. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born October 6, 1962, and was 42 years old at the time of the hearing. He has a high school and one year college education and formerly worked as an aircraft inspector, aircraft mechanic and bonder. He claims to have been unable to work since October 23, 2002, as a result of gout, pain in lower and mid-back, both hips, legs and feet, carpal tunnel syndrome and hypogycemia. The ALJ determined that Plaintiff's limitations limit him to light and sedentary work activity with the following additional limitations: stand and/or walk 6 hours in an 8-hour workday at 2 hour intervals; sit for 6 hours in an 8-hour workday at 2 hour intervals; slight limitation in feeling, fingering, and grasping; limited to simple, routine and repetitive work; and slight limitation in contact with public, coworkers and supervisors. [R. 20]. Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. According to Plaintiff the ALJ: failed to perform a proper determination at steps 2 and 3; failed to perform a proper evaluation of the treating and examining physicians' opinions; failed to perform a proper credibility determination; and failed to perform a proper determination at step 5.[3] The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the Commissioner's denial of benefits is AFFIRMED.

Plaintiff argues that the ALJ acknowledged that the mental consultative examiner, Dr. Hickman, found Plaintiff had a pain disorder but ignored that finding throughout the decision. The ALJ discussed Dr. Hickman's findings and incorporated the functional limitations in his analysis of Plaintiff's ability to work. [R. 21, 227-229]. The residual functional capacity limited Plaintiff to simple, repetitive and routine type tasks and slightly limited his contact with the general public, coworkers and supervisors and is consistent with Dr. Hickman's findings.

---

[3] The Scheduling Order entered in this case contains specific directions about the required format of the briefs. [Dkt. 8]. Section II of the Order requires Plaintiff to "list and number each <u>specific</u> error the Commissioner or ALJ made in concluding that Plaintiff was not disabled." [Dkt.14, p. 2] [emphasis supplied]. Generic identification of errors, such as "[t]he ALJ failed to perform a proper determination at steps 2 and 3 of the sequential analysis" and "[t]he ALJ failed to perform a proper determination at step 5" [Dkt. 24, pp.1-2] do not comply with the Scheduling Order requirement of specificity.

Plaintiff and counsel are advised they are required to follow the Scheduling Order's requirement specifically listing errors and to couple that with the development of argument by showing both error and how it requires relief in the case. [Dkt. 14, §2(A)(3)(requiring discussion of each error in detail with explanation of why the error requires reversal or remand)]. A disjointed, rambling, stream of consciousness list of complaints following a generic non-specific list of errors may not be sufficient to preserve error. Further, when authority is cited without any attempt to clearly relate the principles espoused therein to the case at hand, the party risks waiving the alleged error. *See generally U.S. v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995)(issues nominally raised, but briefed not raised adequately on appeal and therefore not considered on the merits).

The Court rejects Plaintiff's assertion that the case should be remanded because the ALJ failed to discuss the specific requirements of the Listings he considered. The Listings describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App.1. It is well established that *all* of the specified medical criteria must be matched to meet a listing. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988). It is Plaintiff's burden to show that his impairment is equivalent to a Listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). In addition, the determination whether an impairment meets Listing criteria is based solely on medical findings. *Kemp v. Bowen,* 816 F.2d 1469, 1473 (10th Cir. 1987); 20 C.F.R. §§ 416.925-26. The ALJ identified the Listings he considered and fully discussed the medical evidence, which demonstrates that none of the Listings were met. Plaintiff has not identified any medical evidence which could arguably be interpreted as meeting the requirements of any Listing.

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Plaintiff argues that the ALJ improperly rejected the RFC determinations of his treating physicians, Doctors Reddy and Galles.

On October 11, 2004, Plaintiff's physician Dr. Reddy completed a Residual Functional Capacity form which reflected that Plaintiff would not be able to perform even sedentary work. [R. 202]. The ALJ stated he accepted Dr. Reddy's diagnosis of degenerative disc disease, but did not give much weight to the limitations he indicated flowed from that condition. [R. 23]. The ALJ stated the record does not show objective signs of Plaintiff's subjective symptoms. When Plaintiff was seen by Dr. Reddy on September 23, 2004, he recorded Plaintiff had very minimal bony or soft tissue tenderness in paraspinals, had good strength in his legs, and straight-leg raising was negative. *Id.* Dr. Reddy had last given Plaintiff an epidural injection on September 9, 2004. [R. 206].

The court finds no error in the ALJ's rejection of Dr. Reddy's opinion. In addition to the inconsistency identified by the ALJ, the record reflects that Dr. Reddy's RFC is not consistent with his records in other respects. On August 26, 2004, Plaintiff reported to Dr. Reddy that his pain was slightly increasing, and he wanted another injection. He also reported that the pain medications were helpful and his pain was under good control. Further, he did not go to physical therapy for his elbow because he had no pain in the elbow. [R. 179]. Examination showed minimal tenderness, good strength in Plaintiff's legs and negative straight leg raise. *Id.* On August 3, 2004, Plaintiff reported his back pain was under good control and when it is there it is about a "2" on a 10-point scale. On examination Plaintiff had no back tenderness and negative straight leg raise. [R. 181]. On June 8, 2004, Dr. Reddy recorded that Plaintiff reported he was doing very well, having pain for an hour in the morning and feeling great the rest of the day. Plaintiff also reported he was "pretty active both in and out of the house." [R. 216]. Dr. Reddy had last injected Plaintiff on April 27, 2004. [R. 176]. On May 4, 2004 Dr. Reddy reported that Plaintiff

described himself as a "new person," said he felt great and that the injection did wonders. [R. 183] Plaintiff said that when he has pain it is a 2 or 3 on a 10-point scale, he takes his pain medication and is completely pain free the rest of the day. *Id.* Examination showed minimal tenderness and negative straight leg raise. *Id.* On March 9, 2004, Plaintiff reported that his pain was under reasonable control and did not want any injections. [R. 184]. On January 22, 2004, Plaintiff reported he had good and bad days and asked for an increase in his medication in the evening. [R. 185]. He had an epidural injection on November 4, 2003. [R. 190]. On November 25, 2003, Plaintiff reported his pain was better, but preferred something other than Lortab. Examination showed no weakness, tenderness in the lumbosacral paraspinals and negative straight leg raise. [R. 188].

The ALJ also considered the functional capacity form completed on September 18, 2003, by another of Plaintiff's treating physicians, Dr. Galles. Dr. Galles indicated Plaintiff could not work from October 16, 2002 through October 1, 2003, but could return to work on October 2, 2003. [R. 200]. The ALJ stated he gave little weight to that opinion because he found troubling inconsistencies in Dr. Galles' records. [R. 23]. Plaintiff argues that the ALJ erred by not detailing the inconsistencies. Although the information is not in the same paragraph with his conclusion, the ALJ's discussion of Dr. Galles' records demonstrates the inconsistency of those records with his opinion Plaintiff was unable to do even sedentary work between October 16, 2002 through October 1, 2003.

Dr. Galles reported that on October 18, 2002, Plaintiff told him he had been able to tolerate a sedentary job at American Airlines between September 9, 2002 and October 15, 2002 and that he had been removed from that job due to seniority issues. [R. 110]. On March 19, 2003, Dr. Galles found Plaintiff had tenderness in his lumbar spine without any

focal neurologic findings, and 5/5 strength in his upper and lower extremities. He recorded that Plaintiff thought he could retrain to do a job that is desk-based. [R. 106].

The ALJ also noted the disagreement between Doctors Reddy and Galles concerning whether Plaintiff qualified for a motorized scooter. [R. 22]. On February 24, 2004, Dr. Galles wrote an extensive letter to justify a motorized scooter indicating Plaintiff's gait was "non-functional" and that he needed assistance for safety. [R. 194]. On March 9, 2004, Dr. Reddy informed Plaintiff that he did not qualify for a motorized scooter. [R. 184]. He also noted at the time that Plaintiff "[a]mbulates without any assistive devices." *Id*. Dr. Reddy's records consistently note that Plaintiff ambulated with good balance and without assistive devices. [R. 181, 188, 215, 216].

Plaintiff argues that the decision should be reversed because the ALJ failed to properly evaluate his credibility. Credibility determinations made by an ALJ are generally treated as binding upon review. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990). The Commissioner is entitled to examine the medical record and to evaluate a claimant's credibility in determining whether the claimant suffers from disabling pain. *Brown v. Bowen*, 801 F.2d 361, 363 (10th Cir. 1986).

The ALJ noted that Plaintiff testified that he was unable to work because of pain in his low back, arms, wrists, neck, mid back, knees and foot. [R. 20]. The ALJ stated that he could not conclude that Plaintiff is incapable of all work because of significant inconsistencies in the record. He noted the record does not document any observable physical deficits that would be expected in the presence of severe disabling pain over a period of time. [R. 22]. He noted that Plaintiff's elbow pain had resolved, [R. 23], and that Plaintiff was non-compliant with the braces prescribed for carpal tunnel syndrome. Plaintiff

argues that the ALJ ignored the fact that Plaintiff was told to wear the braces only when symptomatic. That, however, is the point. Although the ALJ might have expressed it more clearly, the fact that Plaintiff was not wearing the braces is an indication that he was not symptomatic, and therefore not impaired by carpal tunnel syndrome. Elsewhere in the decision the ALJ outlined some of Plaintiff's comments to Dr. Reddy that his pain was under control. [R. 18-19]. Furthermore, contrary to Plaintiff's assertions, the ALJ did not ignore Plaintiff's reliance on pain medications. The ALJ specifically stated that Plaintiff was limited to simple routine and repetitive work activity as a result of his medication side effects. [R. 20].

As long as the ALJ sets forth the specific evidence he relies on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain, and his determination on this matter is supported by substantial evidence in the record. Because the ALJ properly linked his credibility finding to the record, the Court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determinations. See *James v. Chater,* 96 F.3d 1341, 1342 (10th Cir. 1996) (witness credibility is province of Commissioner whose judgment is entitled to considerable deference).

The court rejects Plaintiff's assertion that the jobs identified by the vocational expert are precluded by the requirement that he be limited to simple routine tasks. According to Plaintiff, performance of simple routine tasks equate to a reasoning level one within the Dictionary of Occupational Titles (DOT), whereas nine of the sedentary jobs identified by

the vocational expert have a DOT reasoning level two. Reasoning level 2 is one of 6 levels of reasoning development that are assigned to jobs in the DOT. Level 1 is the lowest level and 6 is the highest. Level 2 requires the ability to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT; Appendix C, p. 1011. The Court disagrees that reasoning level 2 is precluded by the ALJ's findings.

The reasoning development level in the DOT addresses the degree of analytical problem solving required by a job. A designation that a job involves carrying out detailed, but uninvolved instructions indicates that every step of the process is defined, but that the process is fairly simple, ie. uninvolved. Nothing about that circumstance is inconsistent with the ALJ's findings.

Plaintiff cited *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) as supporting the statement that " a RFC for simple, routine tasks contemplates a reasoning ability of level one." [Dkt. 24, p. 10]. However, that case does not support remand in this case. In *Hackett*, the Court remanded the case because there was a conflict between the Plaintiff's ability and the level 3 reasoning required by the jobs identified. In that case the ALJ found: "Mentally, [Plaintiff] retains the attention, concentration, persistence and pace levels required for simple and routine work tasks." *Id.* The Court found that residual functional capacity was not consistent with jobs having a level 3 reasoning requirement but noted that a level 2 reasoning appeared to be consistent with the residual functional capacity finding. *Id.*

Plaintiff also argues that according to the DOT the jobs identified by the vocational expert are inconsistent with the limitations in the hypothetical question posed by the ALJ. Plaintiff argues that some of the jobs exceed his limitations in feeling, fingering and

9

grasping.  The ALJ found Plaintiff had a "slight limitation in finger, feel and grip," which he qualified as follows:

> I'm not saying that he can't use his hands to work, but he shouldn't be doing small, tedious things with his hands and fingers and fastening, working with small nuts and bolts, working with larger things would be fine, but he shouldn't be doing small tedious things.

[R. 287].  The vocational expert took into account the limitations and qualifications listed by the ALJ and reduced the number of assembly jobs available to accommodate those restrictions and testified that a number of positions still exist. [R. 288-89].

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

DATED this 15th day of May, 2007.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

10